In the Matter of the Appraisal under the Transfer Tax Act of the Property of ALEXANDER MILNE, Deceased.

*Inheritance tax — construction of the statutes relating thereto — penalty for non-payment of the tax.*

The act to tax gifts, legacies and collateral inheritances, known as chapter 483 of the Laws of 1885, as amended by chapter 713 of the Laws of 1887, provides that when taxes are not paid within eighteen months after the death of the decedent, interest shall be charged at the rate of ten per cent per annum; provided, however, that where, by reason of necessary litigation, or other unavoidable cause of delay, an estate cannot be settled at the end of such eighteen months, the penalty of ten per cent shall not be charged, but, in such case, only six per cent per annum shall be charged upon the tax from the expiration of said eighteen months until the cause of delay is removed.

A testator died April 10, 1891, and the tax upon his estate was not paid within eighteen months. In May, 1892, chapter 399 of the Laws of 1892 took effect, which repealed the Laws of 1885 and 1887, but contained a saving clause with respect to rights accrued prior to May 1, 1892.

By this act of 1892 it was provided that interest on overdue taxes, where the penalty was remitted, should be at the rate of six per cent from the time of the decedent's death, instead of, as provided in the act of 1887, from the expiration of eighteen months after such death.

*Held*, that persons subject to the tax were entitled to any immunity or privileges in respect to the time of payment which were provided by the law as it stood when the right to the tax accrued;

That unless the intention is clear a statute would not be given retroactive effect.

APPEAL by the petitioner, John F. Alexander, from an order of the Surrogate's Court of the county of New York, entered in the office of the clerk of the Surrogate's Court of New York county on the 15th day of January, 1894, adjudging that interest upon the tax imposed herein shall be charged at the rate of six per centum per annum on the amount of the tax so fixed from April 10, 1891,

the date of the death of said testator, to October 24, 1893, the date of payment of said tax, and also from so much of said order as denies petitioner's motion for an order charging interest at the rate of six per centum per annum upon the amount of the tax so fixed as aforesaid from October 10, 1892, to October 24, 1893.

*William H. Arnoux*, for the appellant.

*Edgar J. Levey*, for the respondent.

Per Curiam :

The testator died April 10, 1891, at Stamford, Connecticut, leaving property in the State of New York subject to the tax imposed by chapter 483, Laws of 1885, as amended by chapter 713, Laws of 1887, entitled "An act to tax gifts, legacies and collateral inheritances in certain cases." By this act it was provided (§§ 4, 5) that when taxes are not paid within eighteen months after the death of a decedent, interest shall be charged at the rate of ten per cent per annum ; provided, however, that where, by reason of necessary litigation or other unavoidable cause of delay, an estate cannot be settled at the end of such eighteen months, this penalty of ten per cent shall not be charged, and in such cases only six per cent per annum shall be charged upon the said tax from the expiration of said eighteen months until the cause of such delay is removed.

On May 1, 1892 — one year and twenty days after testator's death — chapter 399 of the Laws of 1892 took effect. This act repealed the said Laws of 1885 and 1887, but contained a saving clause with respect to rights accruing prior to May 1, 1892. By this act of 1892, it was provided that interest on overdue taxes, where the penalty was remitted, should be at the rate of six per cent from the time of the decedent's death, instead of, as provided in the act of 1887, from the expiration of eighteen months after such death.

The single question presented here, therefore, is whether the interest upon the amount of tax is to run from the date of the death of the testator, as provided by the act of 1892, or from and after eighteen months from such death, as provided by the act of 1887.

There can be no doubt that the tax accrued at the date of the death of the decedent, and that the persons subject to the tax were

entitled to any immunity or privileges in respect to the time of payment which were provided by the law as it stood when the right to the tax accrued. It has been many times held that unless the intention is clear a statute shall not be given a retroactive effect. It is not claimed that there is any expression of legislative intent to give any such effect to the law of 1892, but the saving clause to which attention has been called, in terms provides that it shall not affect or impair any act done or right accruing under the prior acts relating to the taxation of legacies and successions.

Our conclusion is that the question in respect to penalties and interest was governed by the law of 1887, and not by the law of 1892.

With regard to remitting the penalty and substituting in lieu thereof interest, a discretion is given to the surrogate whether it shall be one or the other, and in the case at bar it may be that he remitted the penalty because he supposed he had the right to charge interest upon the tax from the date of decedent's death, which, as we have seen, we do not think he could do.

The order, therefore, should be reversed, and the matter remitted to the surrogate for such disposition as he may think proper, pursuant to the act of 1887, with ten dollars costs and disbursements to appellant.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order reversed, and the matter remitted to the surrogate for such disposition as he may think proper, pursuant to the act of 1887, with ten dollars costs and disbursements to appellant.